## THE CITY OF EAST ST. LOUIS

*v.*

## THE TRUSTEES OF SCHOOLS.

*Filed at Mt. Vernon January 20, 1888.*

LAW AND FACT—*as to the existence of fraud.* Where the only presumption of fraud is an inference from the facts, there is no question of law for the court, but one of fact for the jury.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WM. H. SNYDER, Judge, presiding.

Mr. E. R. DAVIS, and Mr. F. G. COCKRELL, for the appellant.

Mr. R. A. HALBERT, and Mr. L. H. HITE, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

The charter of the city of East St. Louis, (1 Private Laws 1869, art. 7, sec. 12, p. 903,) provides that one-half of all the money received into the city treasury from dram-shop licenses collected, shall be paid over, at least quarterly, to the treasurer of school township No. 2, north, range 10, west, in St. Clair county, Illinois, by him to be apportioned among the several schools taught in said city, etc. The refusal of the city to pay over this money gave rise to several suits at law for its recovery. There had been brought for such recovery a suit by the trustees of schools against William P. Launtz, an ex-treasurer of the city, and at the September term of the St. Clair county circuit court there were pending therein for such purpose, two suits by the trustees of schools,—one against Alexander Flannigen, the then treasurer of the city, and one against the city itself of East St. Louis. At that term, in the suit against the city, there was entered against the city a judgment by confession,

by Alexander Flannigen, its attorney, for $79,984.79, and the suit against Flannigen was dismissed. Afterward, at the same term of court, on petition of the trustees of schools for a writ of *mandamus*, there was entered against the city, by consent of Flannigen, its attorney, an order for the issuance of a peremptory writ of *mandamus* for the payment of said judgment. After this, a February term of the court intervened. At the May term, 1887, of said court, the city made a motion to quash the writ of *mandamus*, to set aside the order for the writ, and to vacate the original judgment against the city, and that it might be allowed to plead to the cause of action, and defend therein. The motion was predicated on the alleged ground that the judgment and writ had been obtained through fraud, in the appearance of an unauthorized attorney for the city, and that the order required the city to perform an illegal and an impossible act. The circuit court overruled the motion. On appeal to the Appellate Court for the Fourth District, that court affirmed the judgment of the circuit court, and the city appeals further to this court.

In its opinion the Appellate Court says: "It sufficiently appears, from the affidavits and evidence in the record, that Alexander Flannigen was duly authorized by the city council of East St. Louis to enter the appearance of said city, and consent on its behalf to the rendition of the judgment against it; and as there is no evidence of fraud or collusion rendering his action in the premises void, and no valid defence to said claim of the school trustees, for which said judgment was entered, was shown, we find no reason why it ought to have been vacated, and *mandamus* being the only remedy to collect the judgment, the order for such a writ was properly made by the court, with the consent of the city, through its authorized attorney."

We do not see that this leaves any question for this court to pass upon, the finding of the Appellate Court upon controverted questions of fact being conclusive upon this court.

There is no question of law arising. It is said that it is a question of law, whether, under the facts presented, there is not a legal presumption of fraud. The presumption which is here to be made is an inference of fact, which is a question of fact for a jury, and is not a presumption of law. It is no such a case as this, where a presumption of law of fraud, as a matter of law, arises. As observed in the opinion of the Appellate Court, if it should appear, by the return to the writ of *mandamus*, that the city council was ordered by the writ to do an impossible and illegal act, the circuit court, on such return being made, will doubtless take such proper action as will afford the city all of benefit in that regard to which it may be entitled.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*